[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties entered into an oral contract for the plaintiff to construct a horse barn on property owned by the defendant. The plaintiff claims he has not been fully paid for the work and material supplied, and claims a balance due of $9,880.67.
By Special Defense the defendant claims the oral contract is not enforceable because it is not in compliance with Connecticut General Statutes Section 20-429(a)(1), commonly known as the Home Improvement Act.
A Home Improvement is defined in Section 20-419(4), as follows:
 "Home Improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and waterproofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. "Home Improvement" does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (C) the sale of goods or services furnished for commercial or business use or for resale; (D) the sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; (E) any work performed by the owner on his own premises."
Conceding that the statute does not specifically include barns, the defendant argues that a barn is similar in purpose to a garage and that any improvement to a private residential property should be protected. CT Page 4423
The statute provides an extensive list of definitions and this Court declines to expand the definitions beyond those specifically listed. The Act provides severe sanctions for non-compliance and, partly for that reason, this Court is reluctant to construe it beyond those things which are clearly delineated. Therefore, this Court finds that the construction of a horse barn, even for private use, is not a home improvement under the Act.
From the evidence the Court makes the following findings:
The parties contracted for the construction of a horse barn, the price was agreed to be $20,000.00. There was no mutuality or meeting of the minds as to the construction of a paddock area. The area and nature of the paddock was determined by the defendant as work on the barn progressed. The agreement contemplated that site work necessary to properly erect the barn would be included in the $20,000.00 price. The plaintiff is entitled to be compensated for the reasonable value of additional site work.
Upon substantial completion of the barn, the plaintiff presented a bill in the amount of $6,112.80 for the additional site work, which the defendant believed was too high. The plaintiff agreed to check it with his brother, whom he had hired to do the site work.
Shortly thereafter the plaintiff realized that he would not be getting an additional contract for certain renovations to the defendant's house, which he had hoped would be awarded to him. Following that realization he submitted two additional bills to the defendant. One (Exhibit 5) was in the amount of $3,348.72, for further additional site work.
This claim is disallowed. This bill was for site work done in connection with the barn itself and should have been included as part of the $20,000.00 contract price.
The second additional bill (Exhibit 4) was merely a self-serving document prepared by the plaintiff. It has no relevancy to the oral agreement to construct a barn for $20,000.00. Likewise, it is disallowed.
The plaintiff is entitled to be paid $20,000.00 in accordance with the contract, and $6,112.80 for extra work in connection with the paddock. (There was no evidence to indicate that this latter amount was unreasonable).
Certain work was not completed by the plaintiff and the CT Page 4424 defendant is entitled to credit for the following expenses he incurred in properly completing the following items:
 Bars in stalls $450.00 Ridge Vent and Window $350.00 Stand Pipe $225.00 Total Credit $1025.00
In summary, the plaintiff is entitled to be paid $26,112.80, less credit of $1025.00, or $25,087.80. The defendant has paid the plaintiff $23,442.77.
Accordingly, judgment shall enter for the plaintiff for the balance, which is $1,645.03.
BY THE COURT, HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4433